UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIRECTV, INC., a California corporation,

        Plaintiff,        CIV. S-03-983 FCD PAN

    v.

ROBERT PRIMER, et al.,        FINDINGS AND RECOMMENDATIONS

        Defendants.

-o0o-

On October 26, 2005, the Honorable Frank C. Damrell, Jr., reopened this case to proceed with plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against remaining defendant Gustavo Rodriquez. Plaintiff filed its motion for default judgment against Rodriquez on July 26, 2004, but later sought dismissal of the entire action which Judge Damrell approved February 11, 2005. Judge Damrell reopened the case upon plaintiff's showing its request for dismissal had been

inadvertent.

Plaintiff commenced this action May 9, 2003, alleging that Rodriquez and others obtained unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a), unauthorized reception of electronic communications in violation of 18 U.S.C. § 2511(1)(a), possession of pirate access devices in violation of 18 U.S.C. § 2512(1)(b), and conversion.

The only allegation of the complaint specific to Rodriquez states in full (Complaint, para. 13):

> On or about July 20, 2000, defendant Gustavo Rodriquez purchased a Pirate Access Device, consisting of a printed circuit board device called a 'Wildthing 2 Unlooper,' from Shutt [Shutt, Inc., an alleged source of pirate technologies]. The device was shipped to defendant Gustavo Rodriquez at defendant's address in Sacramento, California.

Default was entered against Rodriquez on December 24, 2003, due to his failure to appear or otherwise respond to the complaint despite personal service of process October 6, 2003.

Plaintiff moves for default judgment for $10,000.00 statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B) for one violation of 18 U.S.C. §§ 2511(1)(a), plus post-judgment interest pursuant to 28 U.S.C. § 1961.

By his default defendant admitted the well-pleaded allegations of the complaint except damages. Fed. R. Civ. P. 8(d). Accordingly, defendant Rodriquez admits unauthorized purchase of a pirate access device; he admits neither how long he possessed the device nor even that he used it.

////

1    18 U.S.C. § 2511(1)(a) is a criminal statute applicable to "any person who (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."[1]  18 U.S.C. § 2520(a) creates a private right of action under 18 U.S.C. § 2511, and 18 U.S.C. § 2520(c)(2) permits an award of damages calculated according to "the greater of" (1) actual damages, (2) $100 a day for each day of violation, or (3) $10,000.[2]

There is no matter of right to the entry of default judgment and it is within the court's reasonable discretion, even when the defendant is technically in default.  Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  A court should consider the following factors before entering default judgment:  "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at

---

[1] 18 U.S.C. § 2511(1)(a) provides "any person who–intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . shall be punished as provided in subsection (4) ['fined under this title or imprisoned not more than five years, or both'] or shall be subject to suit as provided in subsection (5) [authorizing federal government to seek injunctive relief and fine].";

[2] 18 U.S.C. § 2520(c)(2) provides "In any other action under this section, the court may assess as damages whichever is the greater of–(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."

stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), at 1471-1472, citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26.

Application of these factors demonstrates the complaint is insufficiently plead to support a finding Rodriquez admits the material allegations of 18 U.S.C. § 2511(1)(a) or that the injury to DirecTV meets the requirements of 18 U.S.C. § 2520(a). The former statute penalizes the actual interception or attempt to intercept plaintiff's electronic communication; the latter requires that plaintiff's electronic communication be "intercepted, disclosed, or intentionally used." None of these material facts are alleged against Rodriquez-the complaint alleges no more than Rodriquez' purchase of a pirate access device. Cf., Nalley v. Nalley, 53 F.3d 649, 653 (4th Cir. 1995) (court may decline to award statutory damages under 18 U.S.C. § 2520(c)(2) where violation is *di minimis*); DirecTV, Inc. V. Kaas, 294 F.Supp.2d 1044, 1049 (N.D. Iowa 2003) (presumptive award of $10,000 is excessive where DirecTV offered no evidence of actual damages or duration of defendant's use of pirate access device). At most, Rodriquez' purchase may be actionable pursuant to 18 U.S.C. § 2512(1)(b) (making criminal the possession of an interception device received by mail); however, 18 U.S.C. § 2520 does not create a private right of action for mere possession.

4

Accordingly, I recommend that default judgment be denied against defendant Gustavo Rodriquez and the action against him dismissed.

These findings and recommendations are submitted to the Honorable Frank C. Damrell, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 28, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge