UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DIRECTV, INC., a California corporation, | |
| Plaintiff, | NO. CIV. S-03-983 FCD PAN |
| v. | ORDER |
| ROBERT PRIMER, et al., | |
| Defendants. | |

----oo0oo----

This matter comes before the court on plaintiff's objections to the finding and recommendations of the magistrate judge, filed November 28, 2005 ("F&R"), denying plaintiff's request for entry of default judgment against defendant Gustavo Rodriguez ("defendant"). For the reasons set forth below, the court does not adopt the findings and recommendations in their entirety, however, concurs with the magistrate judge's denial of plaintiff's request for entry of default judgment against

1

1  defendant.
2    When timely objections to findings by a magistrate judge are
3  filed, the district court must conduct a de novo determination of
4  the findings and recommendations as to issues of law.  28 U.S.C.
5  § 636(b)(1).  The district court may adopt, reject, or modify in
6  part or in full the findings and recommendations.  28 U.S.C. §
7  636(b)(1)(C).
8    Plaintiff commenced this action on May 9, 2003, alleging
9  that defendant obtained unauthorized reception of satellite
10 signals in violation fo 47 U.S.C. § 605(a), unauthorized
11 reception of electronic communications in violation of 18 U.S.C.
12 § 2511(1)(a), possession of pirate access device in violation of
13 18 U.S.C. § 2512(1)(b), and conversion.  (F&R at 2).  Due to his
14 failure to appear or otherwise respond to the complaint despite
15 personal service, default was entered against defendant on
16 December 24, 2003.  (Id.)  Thereafter, plaintiff moved for
17 default judgment against defendant for $10,000 in statutory
18 damages pursuant to 18 U.S.C. § 2520(c)(2)(B) for one violation
19 of 18 U.S.C. § 2511(1)(a).[1]  (Id.)
20   Judge Nowinski's recommendation to deny plaintiff's request
21 for entry of default against defendant was based on his
22 conclusion that plaintiff failed to establish defendant's "use"
23 of a pirate access device, which is essential to show a violation

---

[1] Although plaintiff's complaint alleged defendant violated 47 U.S.C. § 605(a), plaintiff did not move for statutory damages for such violation or attorneys' fees in its request for entry of default judgment.  Therefore, the court does not consider an award of damages under 47 U.S.C. § 605(a) or an award of attorneys' fees.

2

of 18 U.S.C. § 2511(1)(a).[2]  (F&R at 4).  However, plaintiff properly alleged that defendant "purchased and used" a pirate access device in violation of 18 U.S.C. § 2511(1)(a).  (Pl.'s Compl., filed May 9, 2003, at ¶¶ 7, 20).  Therefore, by his default, defendant admits unauthorized "purchase and use" of a pirate access device.  Fed. R. Civ. P. 8(d).  Accordingly, plaintiff has properly established a violation 18 U.S.C. § 2511(1)(a).

Notwithstanding the above, Judge Nowinski correctly concluded that there is no matter of right to the entry of default judgment and that entry of default is within the court's reasonable discretion, even when the defendant is technically in default.  Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  Moreover, the court "has broad discretion to award damages as authorized by statute, or to award no damages at all."  DirecTV, Inc. v. Kaas, 294 F.Supp. 2d 1044, 1048 (N.D. Iowa 2003) (quoting Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996)).

Plaintiff moved for default judgement pursuant to 18 U.S.C. § 2520(c)(2) for the statutory maximum of $10,000.  (F&R at 2). 18 U.S.C. § 2520(c)(2) states that:

> the court *may* assess as damages whichever is the greater of--

---

[2]  18 U.S.C. § 2511(1)(a) makes it a crime to intentionally intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral or electronic communication.  18 U.S.C. § 2511(1)(a) (West 2006).  In addition, 18 U.S.C. § 2520(a) creates a private right of action for violations of 18 U.S.C. § 2511(1)(a).  18 U.S.C. § 2520(a) (West 2006).

3

> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2) (emphasis added). "The use of 'may' in the statute indicates that the award of damages under this section is discretionary." DirecTV, Inc. v. Agee, ___ F.Supp. 2d ___, 2005 WL 3455263 at *5 (D.D.C. 2005) (citing Reynolds, 93 F.3d at 434); See also DirecTV v. Brown, 371 F.3d 814, 819 (11th Cir. 2004) (agreeing with the Fourth, Sixth, and Eighth Circuits that an award of damages pursuant to 18 U.S.C. § 2520(c)(2) is discretionary). Contra Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir. 1990). The proper inquiry for a district court awarding damages under 18 U.S.C. § 2520(c)(2) is as follows: (1) the court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any; (2) the court should next ascertain the number of days that the statute was violated and multiply by $100; (3) the court should then tentatively award the plaintiff the greater of (1) or (2), unless each is less than $10,000, in which case $10,000 is to be the presumed award; and (4) finally, the court should exercise its discretion to determine whether the plaintiff should receive any award at all. Kaas, 294 F.Supp. 2d at 1049.

Using this formula, the Kaas court concluded that the presumptive award of damages was $10,000 because plaintiff offered no evidence of its actual damages, nor any evidence of how many days the defendant used the pirate access device. Id. However, the Kaas court determined that the statutory award of

4

1  $10,000 was excessive where there was no evidence that the
2  defendant did more than receive the pirate access device. Id.
3  The Kaas court further determined there was no evidence, other
4  than a reasonable assumption, that the defendant ever used the
5  private access device. Id. The Kaas court ultimately exercised
6  its discretion to award no damages under 18 U.S.C. § 2520(c)(2).
7  Id. In exercising its discretion, the Kaas court concluded "it
8  logical that Congress chose to make the award of such damages
9  discretionary, given the potential of the law to bring financial
10 ruin to persons of modest means, even in cases of trivial
11 transgressions." Id. (quoting Reynolds, 93 F.3d at 435).

     In addition to the present action and Kaas, plaintiff
DirecTV has brought numerous other suits throughout the nation
based on similar facts for violations of the statutes implicated
herein. See generally Agee, 2005 WL 3455263; DirecTV, Inc. v.
Chorba, 2005 WL 3095067 (M.D.Pa. 2005); DirecTV, Inc. v.
Sheffield, 2005 WL 563108 (D.Minn. 2005); In re DirecTV, Inc.,
2004 WL 2645971 (N.D.Cal. 2004); DirecTV, Inc. v. Zieker, 2004
WL 1682777 (W.D.N.Y. 2004). Many district courts have followed
Kaas and exercised their discretion to award no damages under 18
U.S.C. § 2520(c)(2). See, e.g., Brown, 371 F.3d at 819 (holding
that the district court did not abuse its discretion in denying
an award of damages under 18 U.S.C. § 2520(c)(2)); Agee, 2005 WL
3455263 at *5 (concluding statutory damages of $10,000 were
excessive where no evidence existed to support the conclusion
that the defendant's actions resulted in actual damages to the
plaintiff); Zieker, 2004 WL 1682777 at *4 (concluding an award of
$10,000 was excessive where plaintiff provided no information

regarding defendant's violation of the statute on a daily basis).

In this case, plaintiff has offered no evidence to demonstrate that plaintiff suffered actual damages nor evidence regarding the number of days that defendant used the pirate access device. The presumptive award of damages under 18 U.S.C. § 2520(c)(2) is $10,000. However, there is no evidence that defendant ever used the pirate access device, only that he received it. Accordingly, the court exercises its discretion and makes no award of damages under 18 U.S.C. § 2520(c)(2).

For the foregoing reasons, plaintiff's request for entry of default judgment is DENIED.

IT IS SO ORDERED.

DATED: February 21, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE